UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATALIYA SIDOLI,

                            Plaintiff,
                    v.

YOUTUBE, LLC; and GOOGLE, LLC,

                            Defendants.

25-CV-8465 (RA)

MEMORANDUM
OPINION AND ORDER

RONNIE ABRAMS, United States District Judge:

On October 14, 2025, *pro se* Plaintiff Nataliya Sidoli filed the instant complaint, alleging that Defendants YouTube, LLC ("YouTube") and Google LLC ("Google") wrongfully banned her "Yoga Art and Stretching Art" channel from their platform, violating her freedom of speech. *See* Dkt. No. 1 ("Complaint" or "Compl.") at 2. On November 6, 2025, Defendants filed a motion to transfer this case to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a). *See* Dkt. No. 11 ("Motion" or "Defs.' Mot.") and Dkt. No. 12 ("Defs.' Br."). For the reasons that follow, the Court grants Defendants' motion and transfers this action to the Northern District of California.

## BACKGROUND

This is not the first lawsuit that Plaintiff has filed against YouTube and Google. On February 25, 2025, Plaintiff filed a strikingly similar action in this Court against the same Defendants, alleging that YouTube and Google wrongfully banned her from their platform for posting "Yoga Art and Stretching Art." *Sidoli v. Youtube LLC et al.* ("*Sidoli I*"), 25-CV-1586 (S.D.N.Y.), Dkt. No. 1. In *Sidoli I*, YouTube and Google moved to transfer to the Northern District of California, pursuant to 28 U.S.C. § 1404(a). Judge Subramanian granted the motion to transfer, concluding that because Sidoli had agreed to terms of service which included a forum selection

clause, and because "Sidoli's claims plainly arise out [of] YouTube's terms," transfer was appropriate. *Id.*, Dkt. No. 47 ("*Sidoli I* Op."). Upon its transfer to the Northern District of California, Judge Thompson ultimately dismissed *Sidoli I* with prejudice.

The allegations in the instant Complaint, though not identical to those in *Sidoli I*, are remarkably similar. Plaintiff claims that the YouTube violated its terms of service by banning her from the platform and, in so doing, harmed her health. Compl. at 2. She alleges that YouTube is wrongfully promoting actual "pornograph[ic]" content while suppressing her own non-pornographic content. Compl. at 1. Plaintiff further asserts that Pakistan played a role in YouTube's decision to ban her account. Compl. at 4. The Complaint contains screenshots, both from her YouTube page and from those of other users, purporting to show that her videos were appropriate and should not have been taken down, while those of other viewers are offensive and in violation of YouTube's terms of service. Plaintiff also alleges that her damages occurred in New York and promises to donate the "[e]ntire amount of [her] claim, which is 33 billion dollars," to a New York hospital. Compl. at 2.

In light of the forum selection clause in YouTube's terms of service, Defendants moved to transfer this case to the Northern District of California pursuant to 28 U.S.C. § 1404(a). *See* Defs.' Mot.; Defs.' Br. Together with the motion, Defendants filed the declaration of Ariana Marte, a "Legal Specialist" at YouTube, providing (a) a copy of YouTube's terms of service and (b) a declaration that Sidoli agreed to the provided terms of service. *See* Dkt. No. 13 ("Marte Declaration" or "Marte Decl."). Marte declares that all users agree to YouTube's terms of service in order to post on the platform. *Id.* at ¶ 7. Marte further declares—and Plaintiff does not dispute—that Plaintiff agreed to YouTube's terms of service on June 21, 2021. *Id.* at ¶ 8. Those terms included the following forum selection clause:

> All claims arising out of or relating to these terms or the Service will be governed by California law, except California's conflict of law rules, and will be litigated exclusively in the federal or state courts of Santa Clara County, California, USA. You and YouTube consent to personal jurisdiction in those courts.

Marte Decl. Ex. A ("Terms of Service") at 15.

Defendants make essentially the same arguments for transfer here that they made in *Sidoli I*: this case should be transferred, they urge, because Plaintiff (a) agreed to the forum selection clause specifying that claims arising out of the terms of service must be litigated in California, (b) the clause is mandatory, enforceable, and applies to Plaintiff's claims, and (c) the public interest does not overwhelmingly favor the conclusion that the Southern District of New York is a superior forum for this case.

Like she did in *Sidoli* I, Plaintiff opposed Defendants' motion. Dkt. No. 14 ("Opposition" or "Pl's Opp'n"). Plaintiff's Opposition rehashes many of the allegations contained in the Complaint, but also makes several substantive arguments as to why the Court should not transfer the case: (a) Judge Thompson "knowingly overlooked" Plaintiff's evidence in *Sidoli I*, (b) California law and the Northern District of California—as a venue—are both unfairly favorable to Defendants, (c) New York has a special interest in this litigation because of Defendants' "multiple violations and crimes against children [in] New York," and (d) Plaintiff's "health is in decline" and prevents her from "stand[ing] strong to protect safety interests of children of New York" in the event of a transfer to the Northern District of California.

The Court agrees with Defendants. It finds the forum selection clause valid and enforceable and Plaintiff's arguments for denying transfer without merit.

## LEGAL STANDARD

Generally, a plaintiff's choice of forum is entitled to great deference. However, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any

civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A forum selection clause designating another federal forum is enforced through § 1404(a). *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 59 (2013) ("*Atl. Marine*"). When the parties have agreed to a valid forum selection clause, the clause should be given "controlling weight in all but the most exceptional cases," and the district court should ordinarily transfer the case to the forum specified in the clause. *Id.* at 62-63. As a forum-selection clause "represents the parties' agreement as to the most proper forum," *id.*, the "usual tilt in favor of the plaintiff's choice of forum gives way to a presumption in favor of the contractually selected forum." *Fasano v. Yu* Yu, 921 F.3d 333, 335 (2d Cir. 2019). In that posture, the plaintiff's choice of forum merits no weight, and the court "must deem the private-interest factors to weigh entirely in favor of the [contractually] preselected forum." *Atl. Marine*, 571 U.S. at 64.

In this Circuit, courts typically find a forum-selection clause to be "presumptively enforceable" if three conditions are met: (1) "the clause was reasonably communicated to the party resisting enforcement"; (2) "the clause is mandatory . . . , i.e., . . . the parties are required to bring any dispute to the designated forum"; and (3) "the claims and parties involved in the suit are subject to the forum-selection clause." *DarkPulse, Inc. v. FirstFire Glob. Opportunities Fund, LLC*, 2024 WL 1326964, at *1 (2d Cir. Mar. 28, 2024). "A party can overcome this presumption only by (4) making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014). As the party opposing transfer, Plaintiff "bear[s] the burden of showing why the court should not transfer the case to the forum to which the parties agreed*." Atl. Marine*, 571 U.S. at 64.

4

Because Plaintiff is a self-represented litigant, in ruling on the motion, the Court extends "special solicitude" to her arguments. *See Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019).

**DISCUSSION**

Relying on the forum selection clause, Defendants urge that this case, like *Sidoli I*, should be transferred to the Northern District of California. Plaintiff opposes, arguing that the dismissal of *Sidoli I* in the Northern District of California, the unfavorability of that District as a venue, New York's interest in the litigation and Plaintiff's own health are each exceptional circumstances that permit the Court to look past the forum selection clause and deny the motion to transfer. The Court disagrees. Like in *Sidoli I,* all prongs of the *Atlantic Marine* test have been met, and the case shall be transferred pursuant to 28 U.S.C. § 1404(a).

I.      **The Forum Selection Clause Was Reasonably Communicated to Plaintiff and Applies to Plaintiff's Claims**

The Second Circuit has "recognized that an electronic 'click' can suffice to signify the acceptance of a contract, and that there is nothing automatically offensive about such agreements, as long as the layout and language of the site give the user reasonable notice that a click will manifest assent to an agreement." *Meyer v. Uber Techs.*, *Inc.,* 868 F.3d 66, 75 (2d Cir. 2017). Specifically, the Circuit has held that "click-through" and "browsewrap" agreements—"which require users to click on an 'I agree'" box after either "being presented with a list of terms and conditions of use" or a hyperlink to those terms—are valid and enforceable. *Id.* This holds true for forum-selection clauses, which are contractual terms and may be enforced when agreed to in terms of service. *Fteja v. Facebook, Inc.*, 841 F.Supp.2d 829, 839 (S.D.N.Y. 2012).

Defendants provide evidence, which Plaintiff does not dispute, showing that she agreed to abide by the terms of service by clicking the "Create Channel" button when she started her

YouTube page on June 21, 2021.  Marte Decl. ¶¶ 7–8.  Even if Plaintiff had suggested that she did not review or agree to the forum-selection clause—an argument she does not make—she would still be on "constructive notice" of the clause because the terms of service clearly communicated the clause to her.  *Meyer*, 868 F.3d at 79.

The forum selection clause itself is clearly displayed within the terms of service, "written in clear and unambiguous language in standard font and . . . included in the main body of the contract."  *Fifth App, LLC v. Alpha Modus Ventures, LLC*, 2024 WL 4145225 at *4 (E.D.N.Y. Aug. 29, 2024).  It states that "all claims arising out of or relating to these terms [of service] or the Service . . . will be litigated exclusively in the federal or state courts of Santa Clara County, California," which sits in the Northern District of California.[1]  Terms of Service at 15.  As Defendants note, courts in this Circuit interpret the term "arising out of" and "relating to" broadly.  *See Turtur v. Rotschild Registry Int'l, Inc.*, 26 F.3d 304, 309–10 (2d Cir. 1994); *Frazer Exton Dev., LP v. Kemper Env't, Ltd.*, 2004 WL 1752580 at *10 (S.D.N.Y. Jul. 29, 2004), aff'd, 153 F. App'x 31 (2d Cir. 2005).  Plaintiff does not dispute that her claims arise out of her use of YouTube—nor could she.  Indeed, her lawsuit is premised on the notion that she complied with YouTube's terms of service while other users did not.  In sum, the clause was reasonably communicated to and agreed to by Plaintiff and applies to her claims.

## II.    The Forum Selection Clause is Mandatory and Enforceable

"A forum selection clause is mandatory," as opposed to permissive and non-binding, "when it incorporates obligatory language."  *Hoar v. Launch Pad Payment Servs. Corp.*, 2025 WL 1380994, at *5 (S.D.N.Y. May 12, 2025) (citing *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 386 (2d Cir. 2007).  In other words, courts faced with a forum selection clause must "decide whether

---

[1] "Service" is defined as "the YouTube Platform and the products, services and features [Defendants] make available to you as part of the platform."  Terms of Service at 2.

the parties are required to bring any dispute to the designated forum or simply permitted to do so."

*Phillips,* 494 F.3d at 383.  Mandatory clauses require transference, so long as the other conditions set out by the Second Circuit are present. *Id.*

The language in the forum selection clause here is clearly mandatory, because it provides that "*all* [applicable] claims . . . *will* be litigated *exclusively* in the federal or state courts of Santa Clara County, California."  Terms of Service at 15 (emphasis added); *see also We Are the People, Inc. v. Facebook, Inc.*, 2020 WL 2908260, at *2 (S.D.N.Y. June 3, 2020) ("[T]he clause is plainly mandatory, not permissive, given that it states that a user will resolve any claim with Facebook exclusively in the Northern District of California (or a state court located in San Mateo County), and it covers Plaintiffs' claims, which indisputably relate to . . . Facebook.").

For these reasons, and as other courts have held in similar cases involving YouTube's terms of service, the forum selection clause is presumptively enforceable.  *See e.g.*, *Sidoli I* Op.; *Song fi, Inc. v. Google Inc.*, 72 F. Supp. 3d 53, 62 (D.D.C. 2014) (concluding that YouTube's terms of service were not unconscionable and were indeed enforceable); *Kifle v. YouTube LLC*, 2021 WL 3924795 at *3 (N.D. Ga. Mar. 12, 2021) (concluding that YouTube's terms of service are enforceable); *Muhammad v. YouTube, LLC*, 2019 WL 2338503 at *2 (M.D. La. June 3, 2019) (same).  Transfer is therefore warranted unless Plaintiff demonstrates that the public interest overwhelming favors denying transfer.

## III.   Plaintiff Has Not Overcome the Presumption of Enforceability, and Transfer is Thus Appropriate

Unless the party resisting transfer "shows that the public interest factors overwhelmingly disfavor a transfer," a district court faced with a valid and enforceable forum selection clause must transfer the case before it.  *Atl. Marine*, 561 U.S. at 67.  Plaintiff marshals three arguments as to why the forum selection clause is unenforceable here, none of which is convincing.

First, Plaintiff argues that the Northern District of California's dismissal of *Sidoli I* is a basis for denying the transfer motion, arguing that "[r]equiring Plaintiff to relitigate in the same venue" where she previously received an unfavorable decision "would impose unnecessary hardship and raise questions of fairness and due process."  Pl.'s Opp'n at 14.  Not so.  A litigant's disagreement with a judge's ruling is not a proper basis for denying a motion to transfer.  *Cf. Jordan v. Ferizon Corp.*, 391 Fed. App'x 10, 12 (2d Cir. 2010) (upholding district court judge's decision not to recuse because absent facts indicating that a judge's "impartiality might be reasonably questioned," a litigant's "disagreement with a judge's [past] dismissal rulings . . . almost never constitutes a valid basis for a bias or partiality motion.").

Second, Plaintiff argues that the "public interest in protecting New York residents" warrants denial of the motion because "every child of . . . New York is in danger."  Pl.'s Opp'n at 14.  This argument too fails.  Plaintiff acknowledges that Defendants' services are not concentrated in New York, and Plaintiff's case focuses on Defendants' global reach and their impact on all "American children."  *Id.* at 3–5, 14.   Plaintiff further asserts that the "law of California" is "dangerous to the lives of minors."  *Id.* at 5.  But whether or not this case is transferred will not change the law to be applied in the transferee court.  *Van Dusen v. Barrack*, 376 U.S. 612 (1964).  Choice of law is not a valid basis to oppose transfer, and Plaintiff's arguments concerning New York's public interest are unconvincing at best.

Third, Plaintiff's alleged declining health is not a compelling reason to fail to enforce the forum selection clause.  Although litigating in the Northern District of California may pose certain inconveniences to Plaintiff, "[t]he Second Circuit has held that [a party's] inconvenience alone will not justify disregarding a forum selection clause."  *Forum Ins. Co. v. Ravkind*, 1990 WL 52140 at *2 (S.D.N.Y. Apr. 13, 1990).  Plaintiff does not explain how her "multiple visits to the

emergency room" make it impossible for her to litigate this case in the Northern District of California, Pl.'s Opp'n at 5, especially given that she was capable of litigating *Sidoli I* in that same court. Regardless, Plaintiff's health is clearly another private, as opposed to public, interest—and thus an improper basis for declining to enforce a valid and enforceable forum selection clause. *Atl. Marine*, 571 U.S. at 64 (holding that "a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests").

In sum, the forum selection clause is valid and enforceable, and transfer is thus appropriate pursuant to 28 U.S.C. § 1404(a). As Judge Subramanian put it, "Sidoli's claims plainly arise out of YouTube's terms," *Sidoli I* Op., and she does not dispute that she freely agreed to those terms. As Plaintiff has not made the requisite showing that "the public-interest factors overwhelmingly disfavor a transfer," Defendants' motion is granted. *Atl. Marine*, 57 U.S. at 67.

**CONCLUSION**

For the above stated reasons, this case must be transferred pursuant to 28 U.S.C. § 1404(a). The Clerk of Court is respectfully directed to transfer this case to the Northern District of California.

SO ORDERED.

Dated:    May 26, 2026
          New York, New York

                                      Ronnie Abrams
                                      United States District Judge